UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KERRIANNE HOPKINS and ELIN BOYD, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company,<br><br>     Defendants. | Case No._____<br><br><br>**COMPLAINT – CLASS ACTION AND DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

1.    Plaintiff Kerrianne Hopkins and Elin Boyd ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, bring this Class Action Complaint against defendant Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Defendants"), for their systematic practice of charging and collecting sales tax on purchases of tax-exempt Products (defined below) on www.amazon.com for customers residing in Florida. The plaintiff class (the "Class") consists of the customers that Defendants overcharged by wrongfully collecting sales tax, from the period beginning March 18, 2021 to the present (the "Class Period"). In support of this Complaint, Plaintiffs allege as follows:

**INTRODUCTION**

2.    Defendants systematically charge and collect sales tax from customers in Florida who are buying certain "Sales and use Tax Exempt Items" on Amazon.com. Florida Sales and Use Tax Exempt Items include, but are not limited to, Baby and Toddler Products[1], (as used herein, the term "Baby and Toddler Products" has the meaning set forth in Fla. Stat. § 212.08(7)(ppp). The following products are the exempt Baby and Toddler Products pursuant to Florida law.

- Baby cribs, including baby playpens and baby play yards;

- Baby strollers;

- Baby safety gates;

- Baby monitors;

- Child safety cabinet locks and latches and electrical socket covers;

- Bicycle child carrier seats and trailers designed for carrying young children, including any adapters and accessories for these seats and trailers;

---

[1] Without limitation, other Florida Sales and Use Tax Exempt items include Energy Star appliances, gas ranges and cooktops, diapers and incontinence products, oral hygiene products, firearm safety devices, independent living assistance items, batteries, bicycle helmets, CO alarms, fire extinguishers, ground anchors/tie downs, insect repellant, life jackets, gas cans, portable generators, smoke detectors, sunscreen, and waterproof tarps. *See* Fla. Stat. §212.08, *et seq.*

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 1 -

- Baby exercisers, jumpers, bouncer seats, and swings;

- Breast pumps, bottle sterilizers, baby bottles and nipples, pacifiers, and teething rings;

- Baby wipes;

- Changing tables and changing pads;

- Children's diapers, including single-use diapers, reusable diapers, and reusable diaper inserts; and

- Baby and toddler clothing, apparel, and shoes, primarily intended for and marketed for children age 5 or younger. Baby and toddler clothing size 5T and smaller and baby and toddler shoes size 13T and smaller are presumed to be primarily intended for and marketed for children age 5 or younger.

Fla. Stat. Ann. § 212.08 (West).

3.    During a purchase transaction when a customer is using www.amazon.com, the customer receives a receipt via email or on their Amazon account, on which Defendants' have printed an itemized charge for the sales tax to be collected.  Defendants also provide an Order Summary for each Amazon customer.  Both the receipt and summary have the same information for transactions.  In each instance, they show Defendants add a 7% sales tax charge to the customer's subtotal.[2]  Defendants are not permitted to add this tax pursuant to Florida law.

4.    In this systematic error, buyers of Florida Sales and Use Tax Exempt Items bear yet another heavy cost.

5.    Defendants have, among other things, violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Defendants are also separately liable under common law claims

---

[2] Florida's general Sales and Use Tax base rate is 6% on retail sale, rental, use, consumption, or storage of tangible personal property, services, admissions and transient rentals. Each Florida county sets its own Discretionary Sales Surtax percentage. The Florida counties (Polk and Pasco) where each Plaintiff resides have set their surcharge rate at 1%. *See* Fla. Stat. §212.05 and §212.054.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

of fraudulent misrepresentation, unjust enrichment, breach of contract, unconscionability, conversion, negligent misrepresentation and negligence.

6. Plaintiffs seek an order: certifying this action as a Class Action and appointing Plaintiff and her legal counsel to represent the Class; awarding repayment, with interest, of the wrongfully charged sums purported to be sales tax on *Florida* Sales and Use Tax Exempt Items collected from members of the proposed Class, any other actual damages, compensatory damages, statutory damages, statutory penalties, and punitive damages, and such injunctive or other equitable relief necessary to prevent further misconduct.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") codified as 28 U.S.C. § 1332(d)(2), because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; the number of members of the proposed Class exceeds 100; and Plaintiffs and members of the proposed Class are citizens of a state different than Defendants.

8. This Court has personal jurisdiction over Defendants because Defendants engaged in the collection of sales taxes on tax exempt items in this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Plaintiffs suffered injury as a result of Defendants' acts in this District, many of the transactions giving rise to this action occurred in this District, and Defendants conduct substantial business in this District. Defendants intentionally availed themselves of this District's laws and markets of this district, and Defendants are subject to personal jurisdiction in this District.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 3 -

**THE PARTIES**

10.     Plaintiff Kerrianne Hopkins, ("Hopkins"), is a citizen of Florida.  She was at all times relevant hereto a resident of Lakeland (Polk County), Florida when she purchased Florida Sales and Use Tax Exempt Items from Defendants and was charged sales tax.

11.     Plaintiff Elin Boyd, ("Boyd"), is a citizen of Florida.  She was at all times relevant hereto a resident of Land O Lakes (Pasco County), Florida when she purchased Florida Sales and Use Tax Exempt Items from Defendants and was charged sales tax.

12.     Defendant Amazon.com, Inc. is a corporate citizen of Delaware and Washington. It is a Delaware limited liability company with its principal place of business in Seattle (King County), Washington.

13.     Defendant Amazon.com Services LLC is a corporate citizen of Delaware and Washington.  It is a Delaware limited liability company with its principal place of business in Seattle (King County), Washington.

**FACTUAL ALLEGATIONS**

**I.    DEFENDANTS CHARGED AND COLLECTED SALES TAX FROM PLAINTIFF ON FLORIDA SALES  AND USE TAX EXEMPT ITEMS.**

14.     Defendants, and its third party venders using Amazon.com, sell a variety of Florida Sales and Use Tax Exempt Items including, but not limited to, baby and toddler clothing, apparel, shoes and other categories of products primarily intended for and marketed for baby and toddler aged children. Defendants market, offer, and sell these Florida Sales and Use Tax Exempt Items to consumers in Florida.

15.     Despite Florida's explicit tax exemption for these products, Defendants continue to charge Florida consumers sales and use tax on Sales and Use Tax Exempt Items purchases. As a result, Defendants are overcharging Plaintiffs and members of the Class by collecting taxes on these

CLASS ACTION COMPLAINT
Case No.

- 4 -

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

exempt products. By showing a consumer (and printing on the customer's receipt and/or order summary after a transaction), a line item adding "Estimated tax to be collected" to the subtotal, Defendants' misled Florida consumers to believe that a sales and use tax was owed on products which were exempt from such taxes. Defendants collected these taxes.

16.     On August 16, 2025, Plaintiff Hopkins purchased on Amazon a QDragon 5 in 1 walking toy for infants at the aggregate price of $53.49.[3] During the ordering process, but prior to Plaintiff finally ordering the product, Defendants represented that Florida Sales tax was due on this item. Plaintiff purchased this item. The printed Order Summary for the transaction contains the following itemizations: Item(s) Subtotal: $49.99, Shipping & Handling: $2.99, Free Shipping: -$2.99, Total before tax: $49.99, Estimated tax to be collected: $3.50, **Grand Total: $53.49**. Defendants thus misrepresented the 7% charge, proffering it as Florida Sales tax, and collected payment from Plaintiff, who relied on Defendants' misrepresentations to her pecuniary harm. Plaintiff paid for this item using her credit card.

17.     On August 28, 2025, Plaintiff Hopkins purchased on Amazon a 150 inch Retractable Baby Gate for $76.49 and 50 inch Retractable Baby Gate for $38.99.[4] During the ordering process, but prior to Plaintiff finally ordering the product, Defendants represented that Florida Sales tax was due on these items. Plaintiff purchased these items. The Order Summary for the transactions contain the following itemizations: Item(s) Subtotal: $154.47, Shipping & Handling: $0.00, Total before tax: $154.47, Estimated tax to be collected: $5.35, **Grand Total: $159.82**. Defendants thus misrepresented the 7% charge, proffering it as Florida Sales tax, and

[3] Amazon Order # 113-1890450-7819410.
[4] Amazon Order # 113-9096884-6893835.

CLASS ACTION COMPLAINT
Case No.

- 5 -

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

collected payment from Plaintiff, who relied on Defendants' misrepresentations to her pecuniary harm. Plaintiff paid for these items using her credit card.

18.    On February 9, 2026, Plaintiff Boyd purchased on Amazon, Amazon Brand – Baby Wipes for $4.23.[5]  During the ordering process, but prior to Plaintiff finally ordering the product, Defendants represented that Florida Sales tax was due on these items.  Plaintiff purchased these items. The Order Summary for the transactions contain the following itemizations: Item(s) Subtotal: $9.81, Shipping & Handling: $0.00, Total before tax: $9.81, Estimated tax to be collected:  $0.69, Reward Points: -$6.27, **Grand Total: $4.23**.  Defendants thus misrepresented the 7% charge, proffering it as Florida Sales tax, and collected payment from Plaintiff, who relied on Defendants' misrepresentations to her pecuniary harm. Plaintiff paid for these items using her credit card.

19.    Notably, at the time of Plaintiffs' purchases Florida's Baby and Toddler product tax exemption had been in effect for 2 years.

## II.    FLORIDA IMPLEMENTED TAX EXEMPTIONS TO HELP FAMILIES.

20.    In 2022, the Florida State Legislature implemented a temporary sale and use tax exemption for diapers and baby and toddler clothing, apparel, and shoes. The temporary exemption was in effect from July 1, 2022 through June 30, 2023.

21.    Subsequently, the Florida State Legislature in conjunction with Florida Governor Ron DeSantis extended the exemption permanently and expanded the tax exemption to include a broader range of Baby and Toddler Products including: baby and toddler clothing, apparel, and shoes, baby cribs, baby playpens, baby play yards, baby exercisers, baby jumpers, bouncer seats,

---

[5] Amazon Order # 113-3382472-2079402.

CLASS ACTION COMPLAINT
Case No.

- 6 -

baby swings, baby monitors, baby safety gates, baby strollers, baby wipes, bicycle child carrier seats and trailers designed for carrying young children, breast pumps, bottle sterilizers, baby bottles and nipples, pacifiers, and teething rings, changing tables and changing pads, child safety cabinet locks and latches and electrical socket covers, and children's diapers.

22. The expanded Baby and Toddler Product tax exemption went into effect on July 1, 2023.

23. The stated purpose of Florida's expanded Baby and Toddler Product tax exemption (part of a larger tax relief plan) was "aimed at providing families with $2.7 billion in tax relief during the 2023-2024 fiscal year."

24. Senate Democratic Leader Lauren Book stated that the 2022 exemption (which subsequently became part of the permanent exemption) was "[a] true difference-maker for families with young kids across our state" and that "this tax relief [would] go a long way to help those who need it most."[6]

25. Florida Governor Ron Desantis stated that he will "continue to push smart fiscal policy that will allow Florida families to keep more of their hard-earned money in their pockets. Stronger families make a stronger Florida."[7]

26. Similar legislative intent and fiscal policy have fueled other permanent Florida sales and use tax exemptions including, but limited to, Energy Star appliances, gas ranges and cooktops,

---

[6] https://www.wfla.com/news/florida/diapers-other-baby-and-toddler-products-permanently-tax-free-under-new-florida-law/ (last accessed March 11, 2026)

[7] https://www.flgov.com/eog/news/press/2023/governor-ron-desantis-highlights-largest-tax-relief-plan-floridas-history (last accessed March 11, 2026)

---

CLASS ACTION COMPLAINT
Case No.

- 7 -

diapers and incontinence products, oral hygiene products, firearm safety devices and independent living assistance items.

## III.   DEFENDANTS SELL PRODUCTS SUBJECT TO EXEMPTION.

27.   Defendants and the third party vendors on its website sell a variety of Florida Sales and Use Tax Exempt Items including, but not limited to, baby and toddler clothing, apparel, and shoes. Defendants have sold these products at all relevant times and for many years prior to the relevant times.

28.   These products are subject to sales and use tax exemption as explicitly stated in the language of the statute. *See* Fla. Stat. §212.08, *et seq.*

## IV.   DEFENDANTS UNLAWFULLY CHARGE AND COLLECT SALES AND USE TAX ON EXEMPTED PRODUCTS.

29.   Among other Sales and Use Tax Exempt items, Florida enacted an explicit tax exemption for Baby and Toddler Products. Defendants market, distribute, and sell Baby and Toddler Products in Florida. Nonetheless, Defendants routinely charge and collect sales and use tax on Baby and Toddler Products from Florida consumers thereby overcharging consumers.

30.   Indeed, Defendants routinely engage in practices that violate the Florida legislature's tax exemption in opposition to the Florida State Government's stated public policy goal of assisting families.

31.   Specifically, Defendants overcharged Plaintiffs sales tax when Plaintiffs purchased the above described items on Amazon.com.

32.   Plaintiffs have receipts and Order Summaries generated and provided by Defendants upon the purchase of the items. These documents indicate a sales tax that was charged and collected from Plaintiffs for the products, despite each product explicitly being exempted from sales tax.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 8 -

33.    Upon information and belief, Defendants maintain a sophisticated system that calculates charges to be paid in sales transactions, including sales and use taxes for products, including for tax exempt Baby and Toddler Products, as reflected in Plaintiffs' receipts and order summaries.    Defendants' system is configured by Defendants' agents and employees to automatically calculate and apply sales and use tax for products, including tax exempt Baby and Toddler Products, as reflected in Plaintiffs' receipts and order summaries. Defendants failed to properly configure their system to make calculations consistent with applicable sales tax laws.

34.    Accordingly, upon information and belief, Defendants automatically and systematically overcharged the customers purchasing Sales and Use Tax Exempt Items in Florida.

**V.    DEFENDANTS ROUTINELY OVERCHARGE FLORIDA CONSUMERS FOR SALES AND USE TAX EXEMPT ITEMS.**

35.    Sales tax is traditionally collected from the purchaser by the business at the point of sale in the form of an additional charge added to the purchase price. Sales tax is collected in this manner because lawmakers wanted to minimize the burden of tax compliance on the individual taxpayers, who cannot be reasonably expected to learn the applicable taxes for every item they purchase.

36.    For each purchase, the sales tax is required to be itemized separately on the sales receipt, notifying consumers of the tax they paid than the price of the product itself.

37.    Defendants misrepresented the nature of the charge by presenting it as a legally mandated tax. Plaintiff and members of the Class relied on Defendants' representation, causing them to pay amounts that were not lawfully owed.

38.    Defendants failed to provide Florida consumers any notice or indication that the payment of sales and use tax was not required for Sales and Use Tax Exempt Items.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 9 -

39.     Consumers have no obligation to learn the tax code prior to engaging in retail transactions. In fact, sales tax is collected at the time of purchase by the retailer/seller, here Amazon, on behalf of the consumer in order to ensure the correct amount of tax is collected. Florida has established a statutory and regulatory scheme that relies on businesses properly collecting and remitting sales tax to the state. *See* Fla. Stat. §212.08, *et seq*. Defendants have a duty established by the tax code to collect the sales tax on each transaction correctly. Consumers, such as Plaintiff, reasonably rely on retailers, such as Defendants, to properly collect and remit the sales tax on their behalf.

## VI.     DEFENDANTS BREACHED THE TERMS OF THEIR SALES AGREEMENT WITH CONSUMERS.

### A.     Retail Transactions Establish an Implied-In-Fact Contract

40.     Under Florida law, the performance of the parties in a retail transaction establishes an implied-in-fact contract. Mutual assent is established when the retailer provides the product at a specified price, and the consumer pays the demanded price for the product.

41.     This implied-in-fact contract is memorialized in the sales receipt and order summary. In this case, both show Plaintiffs and members of the Class agreed to pay the retail price of the product in addition to any *required* taxes, as calculated by Defendants.

### B.     The Charges Exceed the Terms of the Implied-In-Fact Contract

42.     The implied-in-fact contract entered into during each retail transaction requires consumers to pay their *legally mandated* tax burden, as identified by the retailer.

43.     The amount of tax that may be charged for each transaction is set by the tax code, and the agreement does not authorize the retailer to impose an additional tax burden above what is established as required under the tax code.

---

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

44.     Defendants decided to ignore both the tax code and the implied-in-fact contract and impose an additional and unlawful tax on Sales and Use Tax Exempt Items.

45.     The additional and unlawful charge constitutes a breach of the implied-in-fact contract. Plaintiffs and members of the Class agreed to pay required taxes. The additional amount charged by Defendants harm customers by causing them to pay more for a product than they agreed to.

**C.      Defendants Unjustly Overcharged Florida Consumers Purchasing Sales and Use Tax Exempt Items**

46.     Defendants unfairly, unjustly, and deceptively overcharged Florida consumers sales tax on Sales and Use Tax Exempt Items. Defendants' routine practice directly violates Florida law.

47.     Indeed, Defendants' routine practice of overcharging Florida consumers undermines the spirit of the retail sales agreement, denying consumers the benefit of their bargained for price by inflating the associated tax burden beyond the legal requirement.

**VII.    DEFENDANTS HAVE NOT REIMBURSED ANY OF THEIR CUSTOMERS.**

48.     Despite knowing that they have unlawfully collected monies from consumers and despite their ability to easily return the impermissibly collected funds, Defendants have failed to return the sales tax overcharge to their customers. Moreover, any refund must be accompanied by payment for applicable interest thereon.

49.     Defendants' decision to enrich themselves has come at the expense of Plaintiffs and members of the Class, forcing them to bring the present action.

50.     Defendants have the ability to refund Plaintiffs and members of the Class the impermissibly collected sales tax.

CLASS ACTION COMPLAINT
Case No.

- 11 -

51.    Not only do Defendants have records of each transaction and the amount of tax collected, upon information and belief, Defendants also retain sufficient contact and payment information to effectuate such refunds.

52.    Moreover, for any charge transacted by credit card, the reimbursement would cost relatively little to provide.

## CLASS ACTION ALLEGATIONS

53.    Plaintiffs bring this action individually and on behalf of the following Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons who paid sales tax on Amazon sale and use tax exempt item(s) delivered to Florida during the period from March 18, 2021 to the present.

54.    Plaintiffs reserve the right to re-define the Class definition prior to class certification and after having the opportunity to conduct discovery.

55.    Excluded from the Class are: (1) any Judge or Magistrate presiding over this action, any members of their immediate families, and any of their staff; (2) the Defendants, Defendants' subsidiaries, affiliates, parents, successors, predecessors, any entities in which the Defendants has a controlling interest, and their current or former employees, officers, and directors from July 1, 2023 to present; and (3) Plaintiff's counsel and Defendants' counsel.

56.    **Numerosity:** The exact number of members of the Class is unknown and currently unavailable to Plaintiffs, but joinder of individual members herein is impractical. The Class is likely comprised of tens of thousands of consumers. The precise number of Class members, and their addresses, is unknown to Plaintiffs at this time, but can be ascertained from Defendants' records. The members of the Class may be notified of the pendency of this action by

CLASS ACTION COMPLAINT
Case No.

- 12 -

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

mail or email, internet postings and/or publications, and supplemented (if deemed necessary or appropriate by the Court) by published notice.

57.    **Predominance:**  The Class's claims present common questions of law and fact, and those questions predominate over any questions that may affect individual Class members. The common and legal questions include, without limitation:

      a.    Whether Defendants charged and collected sales and use tax on Sales and Use Tax Exempt Items  sold since March 18, 2021;

      b.    Whether Defendants knew or should have known that the Sales and Use Tax Exempt Items  they sold since March 18, 2021 should not have been subject to tax pursuant to Florida Statute Section 212.08, *et seq.*;

      c.    Whether Defendants took steps to prevent the charging and collection of sales and use tax on tax exempt products purchased by Florida consumers;

      d.    Whether Defendants wrongfully represented and continues to represent that sales and use tax are owed on their Sales and Use Tax Exempt items purchased by Florida consumers;

      e.    Whether Defendants' representations are false, deceptive, and misleading;

      f.    Whether Defendants had knowledge that those representations were likely to deceive a reasonable consumer;

      g.    Whether Defendants had knowledge that those representations were false, unfair, deceptive, or misleading;

      h.    Whether Defendants continued to disseminate those false, unfair, misleading, and deceptive representations;

      i.    Whether Defendants made the representations with the intention that Plaintiff rely on them;

      j.    Whether Defendants violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.,* as alleged herein;

      k.    Whether Defendants were unjustly enriched;

      l.    Whether Defendants entered into an implied contract with Plaintiff during the sale of the Sales and Use Tax Exempt Items;

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 13 -

m.  Whether the charge of sales tax not owed under Florida Statute Section 212.08, *et seq.,* violated the implied contract Defendants entered into with Plaintiffs for the sale and purchase of the Sales and Use Tax Exempt Items;

n.  Whether the charge of sales tax not owed under Florida Statute Section 212.08, *et seq.,* and/or failure to disclose the charge constitutes an unconscionable provision of the implied contract Defendants entered into with Plaintiffs during the sale of the Sales and Use Tax Exempt Items;

o.  Whether Defendants converted Plaintiffs property through the charge and collection of sales tax not owed under Florida Statute Section 212.08, *et seq.*; and

p.  The nature of relief, including damages and equitable relief, to which Plaintiffs and members of the Class are entitled.

58.  **Typicality:** Plaintiffs' claims are typical of the claims of the Class because Plaintiffs, like all other Class members, purchased Defendants' Sales and Use Tax Exempt Items, suffered the same harm caused by Defendants' unlawful charge, suffered the same proportion of damages as a result of that purchase, and seeks the same relief as the proposed Class members.

59.  **Adequacy of Representation:** Plaintiffs adequately represent the Class because Plaintiffs' interests do not conflict with the interests of the members of the Class, and Plaintiffs have retained counsel competent and experienced in complex class action and consumer litigation.

60.  Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the members of the Class.

61.  **Superiority:** A class action is superior to other available means of adjudication for this controversy. It would be impracticable for members of the Class to individually litigate their own claims against Defendants because the damages suffered by Plaintiffs and the members of the Class are relatively small compared to the cost of individually litigating their claims. Individual litigation would create the potential for inconsistent judgments and delay and expenses to the court

CLASS ACTION COMPLAINT
Case No.

- 14 -

system. A class action provides an efficient means for adjudication with fewer management difficulties and comprehensive supervision by a single court.

62.     In the alternative, this action may properly be maintained as a class action under Fed. R. Civ. P. 23(b)(1) and (2) because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants; or the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

63.     In the alternative, the common questions of fact and law, set forth above, are appropriate for issue certification on behalf of the proposed Class pursuant to Fed. R. Civ. P. 23(c)(4).

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**FRAUDULENT MISREPRESENTATION**

64.     Plaintiffs incorporate by reference the preceding and restate them as if fully set forth herein.

65.     Plaintiffs brings this claim on behalf of themselves and the Class.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 15 -

66.    Defendants directly, or through their agents and employees, made false representations, concealments, and non-disclosures to Plaintiffs and members of the Class about the sales tax charged on Sales and Use Tax Exempt Items purchased in Florida.

67.    Defendants intentionally, knowingly, and/or recklessly made these misrepresentations inducing Plaintiffs and members of the Class to pay more when purchasing Defendants' Sales and Use Tax Exempt Items.

68.    In making these false, misleading, and deceptive representations and omissions, Defendants knew that consumers would pay more when purchasing their products. Defendants intended for these statements to induce consumers to purchase their Sales and Use Tax Exempt Items for a higher price. Consumers who purchased Sales and Use Tax Exempt Items from Defendants paid a premium for these products over what consumers would have paid had Defendants disclosed that no sales tax was owed under Florida Statute Section 212.08, *et seq*.

69.    Defendants owed a duty of care to Plaintiffs and members of the Class in providing accurate information, as evidenced by Defendants' pecuniary interest in the transactions. Defendants created a special relationship with Plaintiffs and members of the Class through representations regarding the tax burden associated with their products.

70.    As an immediate, direct, and proximate result of Defendants' false, misleading, and deceptive statements, representations, and omissions, Defendants injured Plaintiffs and members of the Class in that they purchased and paid a premium price for the Sales and Use Tax Exempt Items.

71.    In making misrepresentations of fact and omissions to Plaintiffs and members of the Class, Defendants have failed to fulfill their duty to disclose material facts about the price they charged for their Sales and Use Tax Exempt Items.

CLASS ACTION COMPLAINT
Case No.

- 16 -

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

72.    The failure to disclose the true nature of the additional charge was caused by the deliberate and willful misconduct of Defendants.

73.    Defendants, in making these misrepresentations and omissions, and in doing the acts alleged above, knew that the misrepresentations were not true.

74.    Defendants made and intended the misrepresentations to induce the reliance of Plaintiffs and Class members.

75.    Defendants, through their Amazon system and printed receipts and order summaries, systematically and intentionally presented unlawful charges as legally required sales tax to consumers, including Plaintiffs and members of the Class.

76.    Plaintiffs and members of the Class did in fact rely on these misrepresentations and purchased Defendants' Sales and Use Tax Exempt Items to their detriment. Given the deceptive manner in which Defendants represented the additional charge for the Sales and Use Tax Exempt Items, Plaintiffs' and members of the Class's reliance on Defendants' misrepresentations were justifiable.

77.    As a direct and proximate result of Defendants' conduct, Plaintiffs and members of the Class have suffered actual damages. Plaintiffs and members of the Class purchased products that are worth less than the price they paid, and they would have paid less for the Sales and Use Tax Exempt Items had they known the additional charge was not legally mandated sales tax.

78.    Plaintiffs and members of the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 17 -

## COUNT II

### UNJUST ENRICHMENT

79.     Plaintiffs incorporate by reference the preceding and restate them as if fully set forth herein.

80.     Plaintiffs bring this claim on behalf of themselves and the Class.

81.     Plaintiffs and the other members of the Class conferred a benefit on Defendants by purchasing Sales and Use Tax Exempt Items and paying what they believed to be sales tax on such products.

82.     Defendants received a benefit in the form of additional revenue from Plaintiffs' and Class Members' purchases. Plaintiffs and Class Members suffered a detriment in the additional, unlawful funds they paid for Sales and Use Tax Exempt Items.

83.     On information and belief, by collecting improper sales tax on the purchases of Defendants' Sales and Use Tax Exempt Items by Plaintiffs and the other members of the Class, Defendants unjustly enriched themselves by collecting such sales tax revenue and earning interest thereon. Moreover, at the expense of Plaintiffs and the other members of the Class, Defendants acted for their own pecuniary interests in avoiding the expenses of modifying their point-of-sale systems and databases and training their employees to correct their sales tax assessment and collection practices.

84.     Retention of those monies under these circumstances is unjust, inequitable, and injurious to Plaintiff because Defendants' charging of the tax was *pro tanto* misleading and financially harmful to Plaintiffs and the other members of the Class.

85.     Plaintiffs and members of the Class would have paid less money for the Sales and Use Tax Exempt Items had they known that no sales tax was owed on their purchases.

CLASS ACTION COMPLAINT
Case No.

- 18 -

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

86.     It would be inequitable for Defendants to retain the benefit of their practice of unlawfully charging sales taxes at the expense of Plaintiffs and the other Class members.

87.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and the other members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiffs and all members of the putative class for unjust enrichment, as ordered by the Court.

## COUNT III

### BREACH OF CONTRACT

88.     Plaintiffs incorporate by reference the preceding and restate them as if fully set forth herein.

89.     Plaintiffs bring this claim on behalf of themselves and the Class.

90.     Under Florida law, the covenant of good faith and fair dealing applies to every contract. Good faith and fair dealing means preserving the spirit—not merely the letter—of the bargain.

91.     The parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitutes examples of bad faith in the performance of contracts.

92.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes his or her conduct to be justified. A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of violations of good faith and fair dealing are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 19 -

93.     Defendants have breached the covenant of good faith and fair dealing through their policy to charge sales tax on Sales and Use Tax Exempt Items despite no such tax being owed under Florida Statute Section 212.08, *et seq*. The imposition of a tax specifically exempted under Florida law constitutes an evasion of the spirit of the bargain and abuse of the power to specify terms.

94.     The Uniform Commercial Code § 2-301 states "[t]he obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract."

95.     Under Florida law, each sale of goods and products establishes an implied-in-fact contract in which the buyer agrees to pay the requisite price, in addition to associated taxes required by law, and the seller agrees to provide the agreed upon product in exchange for payment.

96.     Defendants breached the terms of the implied contract by charging sales tax on their Sales and Use Tax Exempt Items despite no such tax being owed under Florida Statute Section 212.08, *et seq*.

97.     Plaintiffs and members of the Class have sustained damages as a result of Defendants' breach of the implied sales contract.

98.     Plaintiffs seek relief including actual damages and any other relief the Court deems necessary and proper.

## COUNT IV

### UNCONSCIONABILITY

99.     Plaintiffs incorporate by reference the preceding and restate them as if fully set forth herein.

100.     Plaintiffs bring this claim on behalf of themselves and the Class.

---

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 20 -

101. Defendants' policy to charge what they represent is a sales tax on their Sales and Use Tax Exempt Items when, in fact, no such tax is owed under Florida Statute Section 212.08, *et seq.,* is substantively and procedurally unconscionable. Defendants did not and do not attempt to notify customers that the Sales and Use Tax Exempt Items are exempt from Florida state sales tax pursuant to Florida Statute Section 212.08, *et seq.,* before charging sales tax on the Baby and Toddler Product.

102. Defendants used, and continue to use, their undue discretionary power to determine and impose additional charges they represent are required, applicable taxes even at a time when Florida state law specifically exempts Sales and Use Tax Exempt Items from sales tax.

103. The implied-in-fact contract established during the retail transaction governs the transactions at issue. The agreement establishes that Plaintiffs will pay the price of the product and any associated taxes or fees charged by the merchant in exchange for the product. Defendants, parties of vastly superior bargaining strength, establish the price of the product, which of the taxes required by law will be passed on to the consumer, and what additional fees will be charged.

104. In choosing to list and charge the additional amounts paid by Plaintiffs as a "tax" and not as a fee or an increase in the price of the product, Defendants misrepresented the nature of the charge and denied Plaintiffs the opportunity to fairly assess the price of the product.

105. Considering the great business acumen and experience of Defendants in relation to Plaintiff and the members of the Class, the great disparity in the parties' relative bargaining power, the complexity of the tax code at issue, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, and similar public policy concerns, this provision is unconscionable and, therefore, unenforceable as a matter of law.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 21 -

106. Plaintiffs and members of the Class have sustained damages as a result of Defendants' unconscionable policies and practices as alleged herein.

107. Plaintiffs seek relief including actual damages and any other relief the Court deems necessary and proper.

## COUNT V

### CONVERSION

108. Plaintiffs incorporate by reference the preceding and restate them as if fully set forth herein.

109. Plaintiffs brings this claim on behalf of themselves and the Class.

110. Defendants had, and continue to have, a duty to charge Plaintiffs the agreed upon price of the product along with the applicable taxes and to prevent overcharges on any purchases.

111. Defendants wrongfully collected, and continue to collect, monies from Plaintiffs under the auspices of collecting required sales and use tax on purchases of Baby and Toddler Products, despite such products being exempted from such tax pursuant to Fla. Stat. §212.08, *et seq*.

112. Defendants, without proper authorization, assumed and exercised, and continue to assume and exercise, the right of ownership over these funds, in hostility to the rights of Plaintiffs and the members of the Class, without legal justification.

113. Defendants intended to permanently deprive Plaintiffs and the members of Class of these funds and continue to deprive Plaintiffs and the Class of these funds.

114. These funds are properly owned by Plaintiffs and the members of the Class, not Defendants, which have taken control of Plaintiffs' monies without legal basis.

CLASS ACTION COMPLAINT
Case No.

- 22 -

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

115.    Plaintiffs and the members of the Class are entitled to the immediate possession of these funds.

116.    Defendants have wrongfully converted these specific and readily identifiable funds.

117.    Defendants' wrongful conduct is continuing.

118.    As a direct and proximate result of this wrongful conversion, Plaintiffs and the members of the Class have suffered, and continue to suffer, damages.

119.    By reason of the foregoing, Plaintiffs and the members of the Class are entitled to recover from Defendants all damages and costs permitted by law, including all amounts that Defendants have wrongfully converted.

## COUNT VI

### VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT - Fla. Stat. §§ 501.201 *et seq.*

120.    Plaintiffs incorporate by reference the preceding and restate them as if fully set forth herein.

121.    FDUTPA states "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

122.    By marketing, making available for sale, selling, and distributing Sales and Use Tax Exempt Items, Defendants engaged in "trade or commerce" as defined by the FDUTPA. *See* Fla. Stat. § 501.203(8).

123.    Defendants violated and continue to violate this statute, and committed and continues to commit, unfair or deceptive acts or practices in the conduct of trade or commerce, as alleged herein, including, by routinely charging and collecting from consumers Florida sales and

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 23 -

use tax on tax exempt items while omitting material information concerning the products' tax-exempt status under Florida Statute Section 212.08, *et seq*.

124.    Defendants either knowingly or recklessly misrepresented the taxable nature of the tax-exempt items when they charged for and collected sales and use tax at the time of purchase. Defendants did so by making false and misleading representations about the products, including by itemizing a sales and use tax line item on the receipt and order summary at the time of purchase.

125.    Plaintiffs and Class Members relied on Defendants' material misrepresentations or omissions concerning the taxable status of items  which were otherwise deemed tax exempt by Florida Law.

126.    As a result, Plaintiffs and Class Members paid excess and unlawful taxes on Baby and Toddler Products. Defendants overcharged consumers for their Baby and Toddler product purchases. By paying these additional and unlawful taxes, Plaintiffs and Class Members were harmed.

127.    Defendants will continue to cause harm through these material misrepresentations and omissions without legal action.

128.    Plaintiffs seek relief under the statute including actual damages, injunctive relief, costs and attorneys' fees, and any other relief the Court deems necessary and proper.

### COUNT VII

### NEGLIGENT MISREPRESENTATION

129.    Plaintiffs incorporate by reference the preceding and restate them as if fully set forth herein.

130.    Plaintiffs bring this claim on behalf of themselves and the Class.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 24 -

131.   Defendants directly, or through their agents and employees, made false representations, concealments, and non-disclosures to Plaintiffs and members of the Class regarding the sales tax charged on their Sales and Use Tax Exempt Items purchased in Florida. Defendants represented that Plaintiffs and Class Members owed sales tax on Sales and Use Tax Exempt Items, which they did not. Defendants thus made false representations to Plaintiffs and Class Members.

132.   Defendants did not exercise reasonable care when making these representations. Defendants should have known that the representations they made regarding sales tax on Sales and Use Tax Exempt Items were false.

133.   Defendants directly, or through their agents and employees, made false representations, concealments, and non-disclosures to Plaintiffs and members of the Class regarding what they charged on their Sales and Use Tax Exempt Items purchased in Florida. Defendants represented that Plaintiffs and Class Members owed sales tax on Sales and Use Tax Exempt Items, which they did not. Defendants thus made false representations to Plaintiffs and Class Members.

134.   Defendants owed a duty of care to Plaintiffs and members of the Class in providing accurate information, as evidenced by Defendants' pecuniary interest in the transactions. Indeed, Defendants had a special relationship with Plaintiffs and members of the Class through representations regarding the tax burden associated with their products.

135.   The Florida tax code imposes a duty upon Defendants to correctly calculate and collect sales taxes on products they sell.

CLASS ACTION COMPLAINT
Case No.

- 25 -

136. Defendants intended to induce Plaintiffs and Class Members to rely on Defendants' misrepresentations regarding the sales tax owed on Sales and Use Tax Exempt Items.

137. Plaintiffs and Class Members justifiably relied on Defendants' misrepresentations regarding sales tax.

138. As an immediate, direct, and proximate result of Defendants' false, misleading, and deceptive statements, representations, and omissions, Plaintiffs paid additional and unlawful charges for the Sales and Use Tax Exempt Items.

139. Plaintiffs suffered pecuniary injury in paying Defendants for a charge they represented as a sales tax on Sales and Use Tax Exempt Items that they were not required to pay.

140. Plaintiffs and members of the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

## COUNT VIII

### NEGLIGENCE

141. Plaintiffs incorporate by reference the preceding and restate them as if fully set forth herein.

142. Defendants owe a duty under common law to Plaintiffs and members of the Class to exercise reasonable care in abiding by Florida law exempting Baby and Toddler Product purchases from sales tax. This includes a duty of care by Defendants to ensure their sales associates exercise reasonable care in abiding by Florida law exempting Baby and Toddler Product purchases from sales tax.

143. Defendants owe a duty of care to Plaintiffs and the proposed Class members to ensure that reasonable computer and sales systems consistent with Florida law and industry

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 26 -

standards are maintained to exempt, collect, or remit the proper amount of sales tax at the time of Baby and Toddler Product purchases.

144.    Defendants' duty arises from each of the following instances described herein: (i) soliciting Plaintiff and proposed Class members' business; (ii) accepting Plaintiff and proposed Class members' business and purchases; and/or (iii) collecting Plaintiffs and proposed Class members' payment for purchases. Defendants engage in these practices as part of their regular business.

145.    Defendants exercise control over their computer and sales systems, therefore Defendants were most capable of preventing the continuous harm caused by their routine overcharge of sales tax on Sales and Use Tax Exempt Items.

146.    Plaintiffs and members of the Class were neither in a position to nor expected to know the tax code at the time of every purchase of tax-exempt items.

147.    Plaintiffs and members of the Class trusted and expected Defendants to calculate and charge the appropriate amount of sales tax and exempt from tax any tax-exempt items.

148.    Defendants knew or should have known that their routine practice of charging Plaintiffs and members of the Class sales tax on tax exempt items would cause harm. Specifically, Defendants knew or should have known that their practice would cause the type of harm the Florida legislature intended to prevent.

149.    As a direct and proximate result of Defendants' negligence, Plaintiffs and members of the Class have suffered and will continue to suffer injury or harm, including their overpayment of sales tax on tax exempt items.

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

150.    Further, as a direct and proximate result of Defendants' negligence, Plaintiffs and members of the Class are entitled to recover actual, consequential, and nominal damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the proposed Class, pray for an Order granting relief and judgment against Defendants as follows:

A.      declaring this action to be a proper class action, appointing Plaintiffs and Plaintiffs' counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B.      enjoining Defendants from charging Florida state sales and use tax on the Tax Exempt Items sold in Florida;

C.      directing Defendants to adopt and implement policies, procedures and safeguards sufficient to prevent future misconduct to audit and correct miscalculations of sales tax made by the point-of-sale system;

D.      directing Defendants to adopt and implement policies, procedures and safeguards sufficient to prevent future misconduct ensuring that all employees authorized to use the point-of-sale systems in Florida have training to identify and to remove miscalculated sales tax charges;

E.      awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy the past conduct of Defendants;

F.      requiring Defendants to pay restitution, including interest thereon, to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice or a violation of law, plus pre- and post-judgment interest thereon;

---

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

G.     requiring Defendants to disgorge or return, including interest thereon, all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice, including disgorgement of applicable interest on the monies returned;

H.     awarding Plaintiffs and the Class appropriate relief, including applicable statutory damages and penalties, and actual and punitive damages;

I.     awarding Plaintiffs and the Class the costs of prosecuting this action, including expert witness fees;

J.     awarding Plaintiffs and the Class attorneys' fees and costs as allowable by law;

K.     awarding pre-judgment and post-judgment interest; and

L.     granting any other relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  March 18, 2026.                    Respectfully submitted,


 /s/ *Manish Borde*
Manish Borde
BORDE LAW PLLC
1700 7th Avenue
Seattle, Washington 98101
(206) 531-2722
mborde@bordelaw.com

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 29 -

Robert K. Shelquist (Pro Hac Vice forthcoming)
CUNEO GILBERT FLANNERY & LADUCA, LLP
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

Charles Barrett (Pro Hac Vice forthcoming)
CUNEO GILBERT FLANNERY & LADUCA, LLP
4235 Hillsboro Pike, Suite 300
Nashville, TN 37215
(615) 293-7375
cbarrett@cuneolaw.com

D. Michael Campbell (Pro Hac Vice forthcoming)
CAMPBELL LAW
PO Box 24358
Lakeland, FL 33802
(863) 227-4315
dmcampbell@campbelllaw.com

**Attorneys for Plaintiffs**

CLASS ACTION COMPLAINT
Case No.

BORDE LAW PLLC
1700 7th AVENUE
SEATTLE, WASHINGTON 98101
(206) 531-2722

- 30 -