The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERRIANNE HOPKINS and ELIN BOYD, individually and on behalf of all others similarly situated,

                    Plaintiffs,

     v.

AMAZON.COM, INC., a Delaware corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company,

                    Defendants.

No. 2:26-cv-00930-LK

DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC'S MOTION TO DISMISS COMPLAINT

ORAL ARGUMENT REQUESTED

NOTE ON MOTION CALENDAR: June 25, 2026

AMAZON'S MOTION TO DISMISS COMPLAINT - 1
(2:26-cv-00930-LK)

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION.................................................................................................3

II.     FACTUAL ALLEGATIONS..............................................................................4

III.    LEGAL STANDARDS ......................................................................................4

IV.     ARGUMENT......................................................................................................5

    A.      The Court Lacks Subject Matter Jurisdiction Because Plaintiffs Failed to Exhaust Their Administrative Remedies. ..........................................................5

    B.      The Independent Tort Doctrine Bars All Plaintiffs' Tort Claims. ...........................6

    C.      Plaintiffs Fail to Plead Essential Elements of Their Claims. .................................7

        1.      Plaintiffs' Fraudulent Misrepresentation Claim Fails.................................7

        2.      Plaintiffs' Unjust Enrichment Claim Fails.................................................11

        3.      Plaintiffs' Breach of Contract Claim Fails................................................11

        4.      Plaintiffs' Unconscionability "Claim" Fails. ............................................12

        5.      Plaintiffs' Conversion Claim Fails............................................................13

        6.      Plaintiffs' FDUTPA Claim Fails. ..............................................................15

        7.      Plaintiffs' Negligent Misrepresentation Claim Fails. ...............................16

        8.      Plaintiffs' Negligence Claim Fails.............................................................17

V.      CONCLUSION ................................................................................................18

AMAZON'S MOTION TO DISMISS COMPLAINT - 2
(2:26-cv-00930-LK)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION

Plaintiffs sued Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), alleging it improperly collected sales tax on behalf of the State of Florida for certain tax-exempt products.  Plaintiffs purchased various products through the amazon.com store ("Amazon Store") and were charged Florida's 7% sales tax on their purchases, some of which they claim are tax exempt under Florida law.

Plaintiffs seek to convert this basic taxpayer dispute—for which Florida provides a specific administrative remedy—into a sprawling tort and contract action alleging claims for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), fraudulent misrepresentation, unjust enrichment, breach of contract, unconscionability, conversion, negligent misrepresentation, and negligence.  These claims all fail.

As a threshold matter, this Court lacks subject matter jurisdiction over Plaintiffs' claims because they failed to exhaust their administrative remedies mandated by Florida law.  The Florida Legislature has established a specific administrative process for taxpayers seeking refunds of allegedly overpaid sales tax, and taxpayers must exhaust that process before filing a lawsuit.  *See* Fla. Stat. § 215.26.  But Plaintiffs do not allege they pursued, much less exhausted, that required process.  Because Plaintiffs failed to exhaust their administrative remedies, this Court lacks subject matter jurisdiction and the complaint must be dismissed under Rule 12(b)(1).

If the Court finds it has jurisdiction, Plaintiffs' claims fail under Rule 12(b)(6) on multiple grounds.  First, Plaintiffs' tort claims all rest on the same conduct that underlies their breach of contract claim, and therefore, Florida's independent tort doctrine bars those tort claims.  Second, Plaintiffs fail to plausibly allege numerous essential elements of their tort and contract theories, many of which courts have rejected in identical circumstances.  Plaintiffs' complaint, which relies on legal conclusions rather than well-pled facts, fails to state any viable cause of action and should be dismissed in its entirety.

AMAZON'S MOTION TO DISMISS COMPLAINT - 3
(2:26-cv-00930-LK)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## II.    FACTUAL ALLEGATIONS[1]

Amazon sells a wide variety of products through the Amazon Store, including baby and toddler clothing, apparel, and shoes.  Compl. ¶ 14.  Plaintiffs contend that certain items they purchased were exempt from Florida sales tax under Fla. Stat. § 212.08(7)(ppp), which lists categories of tax-exempt baby and toddler products.  *Id*. ¶ 2.  Plaintiffs allege that Amazon improperly collected the 7% sales tax on products that are exempt under these categories.  *Id*.

For each at-issue purchase, Plaintiffs confirm that they received an "Order Summary" containing itemized charges, including the subtotal, shipping and handling, and the "[e]stimated tax to be collected."  *Id*. ¶¶ 16–18.  Plaintiffs do not allege that the itemized charges were hidden or mislabeled.  *Id*.  Neither Plaintiff alleges that she sought a refund of the sales tax from the State or requested reimbursement from Amazon before bringing this suit.

## III.    LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  A complaint must contain "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Brooks v. Seattle Hous. Auth.*, 2012 WL 13175528, at *1 (W.D. Wash. Oct. 23, 2012) (cleaned up).  The court need not accept plaintiff's legal conclusions.  *See Iqbal*, 556 U.S. at 678.  Mere "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to state a claim.  *Id.* at 678–79 (cleaned up).  Courts should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

---

[1] This case is part of a wave of lawsuits against national retailers alleging that sales tax was improperly collected on baby and toddler products under Fla. Stat. § 212.08.  *See Sandquist v. The TJX Cos., Inc.*, No. 26-cv-21199-BB (S.D. Fla. Feb. 23, 2026); *Kessler v. Target Corp.*, No. 26-cv-21438-DG (S.D. Fla. Mar. 4, 2026); *Kessler v. Ross Stores, Inc.*, No. 26-cv-21354-KMW (S.D. Fla. Feb. 27, 2026); *Loubaton v. Walmart Inc.*, No. 26-cv-21675-BB (S.D. Fla. Mar. 13, 2026); *Sandquist v. Burlington Stores, Inc.*, No. 26-cv-21436-KMW (S.D. Fla. Mar. 4, 2026).

AMAZON'S MOTION TO DISMISS COMPLAINT - 4
(2:26-cv-00930-LK)

unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

Plaintiffs bear the burden of establishing subject matter jurisdiction. *See Inst. for Wildlife Prot. v. Norton,* 337 F. Supp. 2d 1223, 1226 (W.D. Wash. 2004). In moving to dismiss under Rule 12(b)(1), Amazon may attack the complaint facially or factually. *See Harborview Fellowship v. Inslee*, 521 F. Supp. 3d 1040, 1046 (W.D. Wash. 2021). A facial attack "'accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'"" *Brown v. Fitzgerald*, 2024 WL 3620454, at *2 (W.D. Wash. Aug. 1, 2024) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). In contrast, a factual attack challenges the existence of subject matter jurisdiction, regardless of the allegations in the complaint. *See id*. In deciding a factual attack brought under Rule 12(b)(1), the "court need not presume the truthfulness of the plaintiff's allegations." *Harborview*, 521 F. Supp. 3d at 1046.

## IV.    ARGUMENT

### A.    The Court Lacks Subject Matter Jurisdiction Because Plaintiffs Failed to Exhaust Their Administrative Remedies.

Florida has "established a statutory procedure for obtaining a refund of a tax payment where no tax was due." *Fox v. Ritz-Carlton Hotel Co., LLC*, 977 F.3d 1039, 1049 (11th Cir. 2020) (cleaned up). That procedure is mandatory and exclusive. *See* Fla. Stat. § 215.26.

Courts have repeatedly recognized that the Florida Legislature created a jurisdictional bar against suits seeking a tax refund where plaintiffs have not exhausted their administrative remedies. *See Fox*, 977 F.3d at 1049–51 (affirming dismissal of tax refund claim for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies before filing suit); *BJ's Wholesale Club, Inc. v. Bugliaro*, 273 So. 3d 1119, 1121 (Fla. 3d Dist. Ct. App. 2019) (explaining Section 215.26 creates a jurisdictional bar for filing a tax refund claim if plaintiff did not exhaust administrative remedy); *P.R. Mktg. Grp., Inc. v. GTE Fla., Inc.*, 747 So. 2d 962, 964–65 (Fla. 2d Dist. Ct. App. 1999) (affirming denial of motion to certify under Section 215.26 as to class members who failed to exhaust administrative remedies); *see also Dep't of*

AMAZON'S MOTION TO DISMISS COMPLAINT - 5
(2:26-cv-00930-LK)

*Revenue v. Nemeth*, 733 So. 2d 970, 974 (Fla. 1999) (taxpayers must first apply for refund under Section 215.26 before filing suit, unless claim is based solely on the tax being unconstitutional).

Plaintiffs filed this suit despite failing to exhaust their administrative remedies. Each claim in Plaintiffs' complaint rests on the allegation that Amazon improperly charged them sales tax on tax-exempt products. Yet Plaintiffs do not allege that they requested a refund from Amazon or availed themselves of the procedures for filing a refund claim with the Department of Revenue. The Court therefore lacks subject matter jurisdiction over this lawsuit.

### B.       The Independent Tort Doctrine Bars All Plaintiffs' Tort Claims.

Even if the Court had subject matter jurisdiction, Plaintiffs' tort claims are each separately barred by the independent tort doctrine.[2] "The independent tort doctrine provides that 'a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract.'" *Final Expense Direct v. Python Leads, LLC*, 2026 WL 74084, at *9 (M.D. Fla. Jan. 9, 2026) (quoting *Un2jc Air 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. 4th Dist. Ct. App. 2021)). Accordingly, "'[m]isrepresentations relating to the breaching party's performance of a contract do not give rise to any independent cause of action in tort, [where] such misrepresentations are interwoven and indistinct from the heart of the contractual agreement.'" *Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1223 (11th Cir. 2018) (alterations in original) (quoting *Thompkins v. Lil' Joe Recs., Inc.*, 476 F.3d 1294, 1316 (11th Cir. 2007)). A plaintiff must also "allege separate damages" for tort and breach of contract claims to bring both simultaneously. *Yuken Corp. v. Gedcore LLC*, 2022 WL 3701233, at *6 (S.D. Fla. June 21, 2022) (dismissing fraud claim for failure to allege damages different from those arising from the alleged contract breach).

Plaintiffs allege tort claims based on the same conduct that underlies their contract claim: the allegation that Amazon "charg[ed] sales tax on their Sales and Use Tax Exempt Items despite no such tax being owed." Compl. ¶ 96. According to Plaintiffs, "[u]nder Florida law, each sale

---

[2] Plaintiffs' tort claims consist of Count I (fraudulent misrepresentation); Count V (conversion); Count VII (negligent misrepresentation); Count VIII (negligence).

AMAZON'S MOTION TO DISMISS COMPLAINT - 6
(2:26-cv-00930-LK)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

of goods and products establishes an implied-in-fact contract in which the buyer agrees to pay the requisite price, in addition to associated taxes required by law, and the seller agrees to provide the agreed upon product in exchange for payment." *Id.* ¶ 95.  Each tort claim in the complaint rests entirely on this same conduct and alleged harm.  *Id.* ¶¶ 66 [fraudulent misrepresentation], 111 [conversion], 133 [negligent misrepresentation], 142 [negligence]. Nowhere in the complaint do Plaintiffs describe any actions taken or damages incurred that are separate from this alleged conduct.  *See Se. Constr. & Rehab Specialist, LLC v. GAC Contractors, Inc.*, 2021 WL 5026853, at *2 (N.D. Fla. Apr. 19, 2021) (dismissing claim based on independent tort doctrine where alleged fraudulent billing conduct arose directly from performance of obligations under a contract).

In short, because Plaintiffs have not alleged facts supporting their tort claims that are separate and distinct from the allegations supporting their contract claim, the independent tort doctrine bars their tort claims.  Even if Plaintiffs' tort claims did arise from separate *conduct*, they still fail because the *damages* Plaintiffs seek on those claims are the same as their contract claim.  *See Yuken*, 2022 WL 3701233, at *6 (acknowledging tort and contract claims stemmed from different conduct, but dismissing tort claim because damages alleged were the same).

### C.    Plaintiffs Fail to Plead Essential Elements of Their Claims.

Setting aside the independent tort doctrine bar, the claims alleged in Plaintiffs' complaint fail on multiple other grounds.

### 1.    Plaintiffs' Fraudulent Misrepresentation Claim Fails.

To plead fraudulent misrepresentation, Plaintiffs must allege: "'(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.'" *Hercules Cap., Inc. v. Gittleman*, 2018 WL 395489, at *21 (S.D. Fla. Jan. 12, 2018) (emphasis omitted) (quoting *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010)).  Plaintiffs fail to adequately plead these elements.

AMAZON'S MOTION TO DISMISS COMPLAINT - 7
(2:26-cv-00930-LK)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs' fraudulent misrepresentation claim is also subject to the heightened pleading standards of Rule 9(b).  *See Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 203 (9th Cir. 2017).  Rule 9(b) serves "to give notice to defendants of the specific fraudulent conduct against which they must defend" and "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (cleaned up).  To satisfy this standard, plaintiff must allege "the circumstances constituting fraud or mistake" "with particularity," Fed. R. Civ. P. 9(b), including "'the who, what, when, where, and how' of the misconduct charged." *Steele-Klein*, 696 F. App'x at 203 (citations omitted).

The complaint fails to identify a false statement of material fact.  Plaintiffs assert that Amazon "represented that Plaintiffs and Class Members owed sales tax on Sales and Use Tax Exempt Items, which they did not." Compl. ¶ 133.  But Amazon's representation was true. Amazon offered products for sale at set prices, sold the products at those prices, and collected Florida sales tax as fully disclosed in the order summary and receipt.  Amazon did precisely what it told Plaintiffs it would do when it collected 7% sales tax on Plaintiffs' purchases.

Indeed, Plaintiffs' receipt lists a line item reflecting the amount of sales tax charged in connection with the transaction.  When a vendor notifies a customer that it is charging sales tax, it makes "a very particular representation: that the store is going to remit that amount to the state as sales tax." *Van Buren v. Walmart, Inc.*, 611 F. Supp. 3d 30, 39 (D. Md. 2020) (emphasis omitted), *aff'd*, 855 F. App'x 156 (4th Cir. 2021).  As discussed below, Amazon "actually remitted the sales tax to the state" and thus "that charge did not contain any misrepresentation … even if [Florida] only required [Amazon] to remit" a lower number in sales tax.  *Id.* (emphasis omitted) (dismissing claim alleging defendant misrepresented sales tax calculation).[3]

---

[3] Moreover, regardless of whether sales tax is actually due on a transaction, funds "collected from a purchaser under the *representation that they are taxes* provided for under the state revenue laws are state

AMAZON'S MOTION TO DISMISS COMPLAINT - 8
(2:26-cv-00930-LK)

Nor do Plaintiffs allege—beyond a conclusory assertion—that any supposed misrepresentation by Amazon reflected a "material fact" relevant to their purchase. *Hercules*, 2018 WL 395489 at *21. Plaintiffs thus fail to allege that Amazon made a false representation of a material fact. *See Murphy v. Villages at Noah's Landing Ltd*, 2025 WL 2798185, at *10 (M.D. Fla. Sept. 30, 2025) (dismissing fraud claim alleging defendant "fraudulently charged tenants for services which they could not lawfully charge" because "even if the charge was improper," there was no allegation of a "false representation of material fact"); *see also Rest. Delivery Devs., LLC v. Delivery Drivers, Inc.*, 2020 WL 13031447, at *4 (M.D. Fla. Sept. 18, 2020) (dismissing fraudulent misrepresentation claim where plaintiff failed to allege facts showing falsity).

Plaintiffs also fail to allege that Amazon knowingly made any misrepresentation or had any intention to induce Plaintiffs to act on any such misrepresentation. The complaint simply recites the second and third elements of fraudulent misrepresentation, stating that "Defendants, in making these misrepresentations and omissions, and in doing the acts alleged above, knew that the misrepresentations were not true," Compl. ¶ 73, and "Defendants made and intended the misrepresentations to induce the reliance of Plaintiffs and Class members," *id*. ¶ 75. This "formulaic recitation" devoid of factual support fails to state a claim. *See Iqbal*, 556 U.S. at 678.

Nor could Plaintiffs make such factual allegations, as Amazon is simply collecting sales tax on behalf of the State of Florida and passing that tax through to the State. To the extent the complaint implies otherwise (*see, e.g.*, Compl. ¶¶ 48-49, 81-83, 112), that implication lacks any supporting factual allegations—because no such facts exist. And as other courts facing this issue have noted, any allegation that Amazon "retained the sales tax [Plaintiffs] paid on [their] purchases … would strain reason" and "def[y] logic." *James v. Aldi, Inc.*, 2021 WL 2896837, at *3 (W.D. Pa. July 9, 2021); *see also Kupferstein v. TJX Cos., Inc.*, 2017 WL 590324, at *3

funds from the moment of collection." Fla. Stat. § 213.756 (emphasis added). Amazon represented to Plaintiffs that it was collecting 7% sales tax, and the funds it collected therefore became state tax funds at the moment of collection. Thus, even if Amazon's collection of sales tax was improper, the funds it collected were still exactly as it represented: state tax funds. *See Blackshears II Aluminum, Inc. v. Dep't of Revenue*, 641 So. 2d 928, 929 (Fla. Dist. Ct. App. 1994) (explaining that funds collected under the representation that they were taxes were state funds "even if erroneously or improperly collected").

AMAZON'S MOTION TO DISMISS COMPLAINT - 9
(2:26-cv-00930-LK)

(E.D.N.Y. Feb. 14, 2017) ("Plaintiff's allegation that TJX failed to remit the full amount she paid in taxes is speculation insufficient to support her claim."); *Togut v. Forever 21, Inc.*, 285 F. Supp. 3d 643, 647 (S.D.N.Y. 2018) (pleadings deficient where plaintiff contended "[b]ased exclusively on 'information and belief' … that Defendants have not remitted the collected monies to the Department" and "[n]o further alleged facts or documents have been presented").

While the Court must generally accept Plaintiffs' allegations as true at this stage, it does not credit conclusory allegations "without reference to its factual context." *Iqbal*, 556 U.S. at 686. Plaintiffs offer no facts making it plausible that Amazon retained the allegedly overcharged tax rather than remitting it to the State as required. There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Without more than vague implications, Plaintiffs fail to "nudge[ ] [their] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Bly-Magee*, 236 F.3d at 1018 (dismissing pursuant to Rule 9(b) claim containing only "broad allegations" with "no particularized supporting detail").

Without any factual allegation that Amazon retained the overcharged sales tax, Plaintiffs cannot plausibly allege that Amazon knowingly misrepresented the sales tax that Plaintiffs owed, or intended to induce them to pay a higher price. Plaintiffs' fraudulent misrepresentation claim rests on the premise that Amazon knowingly configured the Amazon Store to incorrectly overcharge sales tax with the intent to deceive Plaintiffs to pay more money to the Florida Department of Revenue than required. This premise is unsupported and false. It also makes no sense. Such conduct would harm Amazon's business by unnecessarily increasing prices for its customers, with no benefit to Amazon. Given this implausible scenario, it is unsurprising that Plaintiffs offer nothing but a formulaic recitation of the second and third elements of fraudulent misrepresentation, *see* Compl. ¶¶ 73-74, which is insufficient.[4]

---

[4] Plaintiffs also fail to allege the fourth element of fraudulent misrepresentation because they identify no injury they incurred as a consequence of relying on the representation that Amazon was going to do exactly what it said it was going to do: charge 7% sales tax.

AMAZON'S MOTION TO DISMISS COMPLAINT - 10
(2:26-cv-00930-LK)

### 2.    Plaintiffs' Unjust Enrichment Claim Fails.

To state an unjust enrichment claim, Plaintiffs "must allege sufficient facts to make it plausible that the plaintiff conferred a benefit on the defendant, the defendant appreciated the benefit, and the defendant retained the benefit under circumstances making it inequitable for the defendant to retain the benefit without paying for its value." *Shelor v. Jaguar Land Rover N. Am. LLC*, 2025 WL 1580834, at *45 (M.D. Fla. Jan. 31, 2025).  The purpose of the unjust enrichment doctrine is "'to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity.'" *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021) (quoting *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579, 584 (11th Cir. 2013)). Plaintiffs' unjust enrichment claim is also subject to the heightened pleading standards of Rule 9(b).  *See Puri v. Khalsa*, 674 F. App'x 679, 689 (9th Cir. 2017) (affirming dismissal of unjust enrichment claim based on fraud for failure to satisfy Rule 9(b)).

Plaintiffs do not plausibly allege that they conferred a benefit on Amazon that Amazon actually retained.  As discussed *supra* Section IV.C.1, Plaintiffs have not pled any facts making it plausible that Amazon retained the allegedly overcharged tax rather than remitting it to the State.  Absent such allegations, Plaintiffs fail to plausibly plead that Amazon was enriched at all. Plaintiffs' unjust enrichment claim thus fails to satisfy the Rule 12 pleading standard, let alone the heightened Rule 9(b) standard that governs here.  *See Bly-Magee*, 236 F.3d at 1018.

### 3.    Plaintiffs' Breach of Contract Claim Fails.

"A Florida breach of contract claim requires the plaintiff to establish (1) a valid contract, (2) a material breach, (3) causation, and (4) damages." *Perez v. Owl, Inc.*, 110 F.4th 1296, 1305 (11th Cir. 2024).  "The standard for pleading and proving an implied-in-fact contract is higher than that for proving an express contract because '[a] *greater* burden should be placed upon a plaintiff who relies upon an implied contract than one who uses reasonable care and foresight in protecting himself by means of an express contract.'" *Vanguard Plastic Surgery, PLLC v. Cigna Health & Life Ins. Co.*, 2023 WL 2168513, at *4 (S.D. Fla. Jan. 18, 2023) (citation omitted).

AMAZON'S MOTION TO DISMISS COMPLAINT - 11
(2:26-cv-00930-LK)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs allege the existence of an implied-in-fact contract "in which the buyer agrees to pay the requisite price, in addition to associated taxes required by law, and the seller agrees to provide the agreed upon product in exchange for payment." Compl. ¶ 95. But Plaintiffs offer no support for the allegation that the transactions created an implied-in-fact contract that included a specific agreement to pay "associated taxes required by law" in exchange for a product. *Id.*

Plaintiffs allege Amazon violated the covenant of good faith and fair dealing. Compl. ¶ 93. But "a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract." *Centurion Air Cargo v. United Parcel Serv. Co.*, 420 F.3d 1146, 1152 (11th Cir. 2005). In other words, Plaintiffs must allege that Amazon breached a term of an express contract in order to bring a claim for breach of the implied covenant. But Plaintiffs have not identified any express contract governing the transaction, much less a specific term that Amazon breached when it charged 7% sales tax. Because the implied covenant does not create a standalone duty separate from the contract duty, Plaintiffs' implied covenant claim fails.

Further, Plaintiffs fail to allege the type of bad-faith conduct required to state an implied covenant claim. A plaintiff asserting breach of the implied covenant must allege "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party." *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000). Even in Plaintiffs' allegation that Amazon incorrectly calculated the sales tax on certain of their purchases, Plaintiffs plead no facts to suggest a "conscious and deliberate act[ ] which unfairly frustrates the agreed common purpose," as required under Florida law. *Id.*

### 4.    Plaintiffs' Unconscionability "Claim" Fails.

Under Florida law, "[t]here is no cause of action for unconscionable contract; unconscionability is instead a defense to enforcing a contract or provision." *Simpson v. Specialized Loan Servicing, LLC*, 2023 WL 2599413, at *7 (M.D. Fla. Mar. 22, 2023). And

AMAZON'S MOTION TO DISMISS COMPLAINT - 12
(2:26-cv-00930-LK)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

even if unconscionability could be asserted as a standalone claim, it would not support the damages Plaintiffs seek.  *See Cowin Equip. Co., Inc. v. Gen. Motors Corp.*, 734 F.2d 1581, 1582 (11th Cir. 1984) ("'[T]he equitable theory of unconscionability has never been utilized to allow for the affirmative recovery of money damages.'") (citation omitted); *see also* Compl. ¶ 107.  Because unconscionability is not a cause of action and does not permit the recovery of damages in any event, Plaintiffs' unconscionability claim must be dismissed.

### 5.    Plaintiffs' Conversion Claim Fails.

Conversion requires: "(1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so."  *Elite Premium Fin., Inc. v. Wells Fargo Bank, N.A.*, 472 F. Supp. 3d 1231, 1236 (S.D. Fla. 2020).  To state a conversion claim, Plaintiffs must allege "facts that the other party wrongfully asserted dominion over that property."  *Indus. Park Dev. Corp. v. Am. Exp. Bank, FSB*, 960 F. Supp. 2d 1363, 1366 (M.D. Fla. 2013).

Plaintiffs do not allege that the sales tax Amazon collected on their retail transactions constitutes specific and identifiable money.  "For money to be the object of conversion 'there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified.'"  *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3d Dist. Ct. App. 2008) (citation omitted).  This requirement exists to "'ensure[ ] that a fund of money actually exists to pay a specific debt owed and the claimant is not merely transforming a contract dispute into a conversion claim.'"  *Intertech Trading Corp. v. JP Morgan Chase Bank, N.A.*, 2017 WL 7792705, at *5 (S.D. Fla. Aug. 28, 2017) (quoting *Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 272 (11th Cir. 2009)).  Plaintiffs must "show that the same monies paid to [Amazon] were to be held by [Amazon] for the benefit of [Plaintiffs]."  *Fla. Desk, Inc. v. Mitchell Int'l, Inc.*, 817 So. 2d 1059, 1061 (Fla. 5th Dist. Ct. App. 2002).  Where a theoretical debt can be "discharged by the payment of money generally," as opposed to "'identical moneys which [the defendant] collected, there can be no action in tort for conversion.'"  *Zions First Nat.*

AMAZON'S MOTION TO DISMISS COMPLAINT - 13
(2:26-cv-00930-LK)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Bank v. Elibel, S.A. de C.V.*, 2009 WL 1360855, at *2 (S.D. Fla. May 14, 2009) (citation omitted).  Here, the parties did not contemplate that Amazon would keep the sales tax in a separate account, nor was Amazon obligated to hold the sales tax received from Plaintiffs in a trust or escrow account.  To the contrary, the debt that Plaintiffs allege they are owed could be discharged by the payment of money generally.

Plaintiffs also fail the third element of conversion because Amazon did not engage in an unauthorized act.  Plaintiffs paid the sales tax amounts as part of the purchase price in ordinary retail transactions.  Accordingly, Amazon did not engage in an "unauthorized act" when it collected from Plaintiffs the sales tax it informed them it would collect.  *Elite Premium Fin., Inc.*, 472 F. Supp. 3d at 1236.  Nor did Amazon "wrongfully assert[ ] dominion" over the sales tax it collected because collected taxes "are state funds from the moment of collection" and were promptly remitted to the State.  Fla. Stat. §213.756(1); *Indus. Park Dev. Corp.*, 960 F. Supp. 2d at 1366.  As detailed *supra* IV.C.1, the Florida tax collection scheme requires Amazon to collect the tax as an agent of the Florida Department of Revenue, and it remains highly implausible that Amazon would have kept the sales tax for its own use when it was required to promptly remit that money to the State.  Without any plausible allegations that Amazon kept the collected sales tax for its own use, Plaintiffs' conversion claim fails.

Finally, Plaintiffs do not allege that they made a demand for return of the money, nor did they allege such a demand would have been futile.  *See La Dolfina S.A., LLC v. Meeker*, 2022 WL 6507718, at *9 (S.D. Fla. Aug. 19, 2022) (dismissing conversion claim because complaint did not allege a demand "was made or that any such demand would be futile"); *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 500 (Fla. 3d Dist. Ct. App. 1994) ("[D]emand is an essential element in any claim for conversion and failure to make such a demand or allege the futility of doing so is fatal.").  The conversion claim must also be dismissed on this basis.

AMAZON'S MOTION TO DISMISS COMPLAINT - 14
(2:26-cv-00930-LK)

### 6.    Plaintiffs' FDUTPA Claim Fails.

FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]"  Fla. Stat. § 501.204(1).

But a Florida appellate court has already rejected an attempt to convert routine sales-tax disputes like this one into FDUTPA claims where the alleged misconduct consists solely of a merchant's collection and remittance of sales tax pursuant to its statutory obligations.  In *BJ's Wholesale Club, Inc.*, 319 So. 3d at 717, the court held that a retailer's claimed erroneous sales tax calculation was "not the type of dispute intended to be addressed under FDUTPA."  The court explained that FDUTPA "expressly does not apply to an 'act or practice required or specifically permitted by federal or state law.'"  *Id.* (quoting Fla. Stat. § 501.212(1)).  Without reaching the question of whether BJ's had collected the relevant taxes in the appropriate amount, the court reasoned that the FDUTPA claim failed because merchants are "statutorily required to charge, collect, and remit sales taxes to the Department of Revenue" and that "[s]ales tax proceeds collected by merchants …'are state funds from the moment of collection.'"  *Id.* (citing & quoting Fla. Stat. §§ 212.07(2) & 213.756(1)).

Courts in other jurisdictions have similarly rejected attempts to bring analogous statutory consumer protection claims based on improper tax collection because such activity does not occur in "trade or commerce."  *See, e.g., Feeney v. Dell Inc.*, 908 N.E.2d 753, 771 (Mass. 2009) (dismissing claim under Massachusetts Consumer Protection Act for improper sales tax collection because "[e]ven if . . . [defendant] was not properly charging and collecting the taxes," the collection of tax did not qualify as "trade or commerce"); *Garcia v. Am. Eagle Outfitters, Inc.*, 331 A.3d 541, 553–54 (Pa. 2025) (dismissing claim under Pennsylvania Unfair Trade Practices and Consumer Protection Law for improper sales tax collection because "a merchant acting at the behest of the Commonwealth, as an agent thereof, is engaged not 'in the conduct of a trade or commerce'" (citation omitted)); *McLean v. Big Lots Inc.*, 542 F.Supp.3d 343, 350 (W.D. Pa. 2021) (same); *Blass v. Rite Aid of Connecticut, Inc.*, 51 Conn. Supp. 622, 633, 16

AMAZON'S MOTION TO DISMISS COMPLAINT - 15
(2:26-cv-00930-LK)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

A.3d 855, 863 (Super. Ct. 2009), *aff'd*, 127 Conn. App. 569, 16 A.3d 737 (2011) (dismissing claim under Connecticut Unfair Trade Practices Act for improper sales tax collection because "[t]he miscollection of taxes, whether negligent or intentional, does not constitute an unfair or deceptive act or practice in the conduct of any trade or commerce").

This same logic applies here. Plaintiffs' claims rest solely on Amazon's alleged error in collecting sales tax on behalf of the State. Amazon was statutorily required to collect and remit sales tax to the State of Florida, and nothing in the complaint suggests that Amazon was acting outside of this statutory mandate in collecting and remitting the tax at issue. Because Amazon was acting within its statutory responsibility to collect and remit sales tax, Plaintiffs' FDUTPA claim based solely on this conduct must be dismissed. *See BJ's Wholesale Club, Inc.*, 319 So. 3d at 718 ("Legislature's creation of extensive remedies for improper sales tax collections, with limits on those remedies, indicates the Legislature did not intend normal and routine tax disputes to be resolved in lawsuits under FDUTPA against the merchant.").[5]

### 7.    Plaintiffs' Negligent Misrepresentation Claim Fails.

To establish a negligent misrepresentation claim under Florida law, a party must show "'(1) a misrepresentation of material fact that the defendant believed to be true but was in fact false; (2) that defendant should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) the plaintiff acted in justifiable reliance upon the misrepresentation, resulting in injury.'" *Hercules Cap., Inc.*, 2018 WL 395489, at *21 (quoting *Arlington Pebble Creek, LLC v. Campus Edge Condo. Ass'n, Inc.*, 232 So. 3d 502, 505 (Fla. 1st Dist. Ct. App. 2017)).

Plaintiffs' negligent misrepresentation claim also must satisfy the heightened pleading standards of Rule 9(b). *See Puri*, 674 F. App'x at 689. For the same reasons their fraudulent misrepresentation claim fails, Plaintiffs' negligent misrepresentation claim fails because it does

---

[5] Moreover, to the extent Plaintiffs' FDUTPA claim sounds in fraud or deception, it must satisfy the heightened pleading standards of Rule 9(b) and it fails to do so. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) applies to statutory consumer protection claims sounding in fraud).

AMAZON'S MOTION TO DISMISS COMPLAINT - 16
(2:26-cv-00930-LK)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

not allege any misrepresentation of material fact or that Amazon intended to induce Plaintiffs' reliance, nor is it pled with particularity as required by Rule 9(b).  *See supra* IV.C.1.

### 8.   Plaintiffs' Negligence Claim Fails.

"To plead a negligence claim under Florida law, a plaintiff must allege: '(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach, and (4) the plaintiff suffering actual harm from the injury.'" *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1231, 1242 (S.D. Fla. 2011) (quoting *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008)).  "The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie." *Jenkins v. W.L. Roberts, Inc.*, 851 So. 2d 781, 783 (Fla. 1st Dist. Ct. App. 2003).

When a plaintiff alleges a negligence claim based on economic loss, rather than personal or property loss, courts "examine the relationship between the parties to determine whether it warrants creating a duty to protect economic interests outside contract and statutory law." *Monroe v. Sarasota Cnty. Sch. Bd.*, 746 So. 2d 530, 534 n.6 (Fla. 2d Dist. Ct. App. 1999).  Thus, to proceed on a negligence claim based solely on economic loss, there must be "extraordinary circumstance that justifies recognition of such a claim." *Tank Tech, Inc. v. Valley Tank Testing, LLC*, 244 So. 3d 383, 393 (Fla. 2d Dist. Ct. App. 2018); *see also Monroe*, 746 So.2d at 531 (holding "as a general rule, that bodily injury or property damage is an essential element of a cause of action in negligence[,]" but recognizing that that essential element could be waived "under extraordinary circumstances which clearly justify judicial interference to protect a plaintiff's economic expectations").

Here, Plaintiffs and Amazon were parties to a standard, arms-length commercial transaction whereby Plaintiffs purchased products from Amazon.  Plaintiffs allege a common law negligence claim based solely on economic loss.  But Plaintiffs allege no special facts or extraordinary circumstances that warrant imposing a legal duty on Amazon outside of contract and statutory law to act for Plaintiffs' benefit.  *See Tank Tech*, 244 So. 3d at 394 (finding "no

AMAZON'S MOTION TO DISMISS COMPLAINT - 17
(2:26-cv-00930-LK)

special and unique interest that would constitute an extraordinary circumstance warranting the imposition of a duty" on party to a general commercial transaction); *see also Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d Dist. Ct. App. 1993) (noting that in a general commercial transaction, "there is no duty imposed on either party to act for the benefit or protection of the other party").  The Court should reject Plaintiffs' attempt to attach a legal duty to a standard retail transaction and dismiss their negligence claim.

## V.   CONCLUSION

For the above reasons, the Court should dismiss Plaintiffs' complaint.

## VI.   CERTIFICATION OF CONFERRAL

Per Section V.G of the Court's Standing Order for Civil Cases, Amazon's counsel conferred with Plaintiffs' counsel on May 22, 2026 regarding the relief sought through this Motion.  Plaintiffs oppose the relief Amazon seeks.

DATED this 28th day of May, 2026.

DAVIS WRIGHT TREMAINE, LLP

By:  *s/ John Goldmark*
John Goldmark, WSBA No. 40980
Rachel Herd, WSBA No. 50339
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206-757-8068
Email: johngoldmark@dwt.com
          rachelherd@dwt.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services LLC*

I certify that this response contains 5,719 words, in compliance with the Local Civil Rules.

AMAZON'S MOTION TO DISMISS COMPLAINT - 18
(2:26-cv-00930-LK)